RECEIVED
SEP 14 2020
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

United States District Court
Western District of Louisiana
Lake Charles Division

| United States | Case 18-CR-00242-01 |
|---|---|
| vs | Judge Zainey |
| Max Ray Butler | Magistrate Judge Kay |

## TRAverse

The government's response (7/28/2020, document 208) was first provided to me a few days ago in September. This traverse is to address things written in that response.

First as regarding my medical issues, the deviated septum is a self-evident increase in risk and of course I DO allege that the "structural nasal obstruction" is a risk to me as it was found to be 99% occluded on one side. In US v Brown, 2020 US Dist Lexis 87133 this alone was enough to grant the motion and that individual had a Meth case (lovely) and 150 months + 60 months, whereas I have 6 or 7 months left at most.

Also, simply being a prisoner alone increases my risk as statistically seven times as many infections occur in BoP. The CDC and US government have even prioritized prisoners for eventual vaccine - we are stage 2, you, the public, are stage 4.

I DO allege that the corticosteroid use weakens my immune system. Again a misstatement by the government.


2

Further the dishonest AUSA filing the response (who ignored my letter apparently) has decided that my prison sentence should be a death sentence simply because he recites my criminal history in the most onesided way possible. It is not relevant and illegally punishes me for past events I have already been punished for. This court seems to enjoy that route as well so perhaps my plea is doomed from the start.

The first old case the prosecutor lists was 22 years ago where I helped the US government and worked to patch government and military computers to protect them from a serious vulnerability leaving them open to being hacked by other countries. There was no profit and no damage. I was illegally assessed a restitution based on the costs of investigation only. I repaired the computers. I was also working with the SF Computer Crimes unit of the FBI at the time and made them aware of the project.
What exactly does this old case have to do with COVID-19??

The case from 2007 was not done while on supervised release - the BoP/DOJ records show earliest activity to be 2005. (see sentence computation sheet). I completed the 13 year sentence and there is a moral cowardice to dragging it up to repunish me for it and imply it relates to COVID-19. It is not relevant to my risk of contracting or dying from this disease.

In the instant case I was working for the DHS remotely but was tricked to keep it quiet (no evidentiary hearing) and not go to trial in exchange for that I would go straight to a halfway house and work for the government. Further, the AUSA lied, renegged on promised sentence reduction, and not only did I not go to halfway house but I went straight to the wrong prison — a higher security level with harsh conditions and transit status, for ~~almost~~ the entire prison term!

The instant case was a horrific miscarriage of justice — the main leader and organizer who was behind everything (Hammons) was given PROBATION and the person intricately involved who got the money (Latham) had his charges DROPPED. The person who did not only the drove but received money (Tidwell) was not even CHARGED at all. The whole "investigation" was corrupt from the start with federal employee misconduct and the FBI didn't even interview anyone until years later after the incident AFTER charges were filed. I was given more than twice the sentence of the next highest sentence in the case. My admitting (actual over-admitting as many things the government claimed were completely false — there isn't even such a thing as Tor browser on Android in 2016 anyway) of involvement does NOT mean it was ok to falsely paint me as filling Hammons' leadership role, nor to punish me twice for the same conduct — I spent 2 years in SHU, was adversly transferred, and tortured over this case by the BoP well before this Court had it.

In looking at 3582 (c)(1)(A) characteristics, the prosecutor also fails to list my decade+ of rehabilitative programming and especially the need to avoid "unwarranted sentence disparities among similarly situated defendants" (Bryant, 2020 US Dist LEXIS 75681)

Immunosuppressant medical conditions have led courts to release inmates. US v. Rodrigues, 2020 US Dist Lexis 58718, 2020 WL 1627331 (Ed Pa, Apr 1 2020)

Many other cases have been granted US v David Gutman, 2020 US Dist Lexis 84316, 2020 May Wired fraud case. US v Foster, US Dist Lexis 82985, US v Colvin 2020 US Dist Lexis 57962 US v Lemarkus Kelly, 97 mo sentence, young guy — Oakdale 5th cir hundreds of others.

I do not have access to law library (the few cites I list were in letter in the mail) nor do I have counsel to present the other legal side from the cherry picking of the AUSA.

I again request appointment of counsel to brief on the law on my side of the legal argument. My situation is extremely rare and unique in that I am not able to use the law library, as well as that I don't have counsel.

Dated September 8 2020    Signed /s/

Marx Ray Butler
Pro Se