# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:18-CR-00242-01** |
| **VERSUS** | **JUDGE ZAINEY** |
| **MAX RAY BUTLER (01)** | **MAGISTRATE JUDGE KAY** |

## RULING AND REASONS

Before the Court is an "Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i)" (Doc. 205) wherein Defendant Max Ray Butler seeks to be released early from his term of imprisonment due to COVID-19 and his present medical condition. The Government opposes Butler's early release.

Butler argues that his structural nasal obstruction/deviated septum for which he has been prescribed fluticasone propionate suppresses his immune system thereby causing him to be at a higher risk for contracting COVID-19. The Government argues that Butler's use of fluticasone propionate for a deviated septum is not a serious enough illness that would qualify him for early release.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010).   Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,

18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[1] U.S.S.G. § 1B1.13.

---

[1] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified:

---

[2] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Butler was indicted by a grand jury for numerous crimes related to  a scheme to steal debit card numbers and a prison contraband importation scheme.[3] Butler was using a contraband cellphone in prison at Oakdale Federal Correctional Institute to obtain stolen debit card numbers and facilitate illicit wirings to other inmates, who then wired the money on to various third parties at Butler's request.  Butler plead guilty to one count of conspiracy to commit wire fraud; he was sentenced to a term of imprisonment for 27 months.

The above-mentioned offense occurred while Butler was serving a 13-year sentence for a separate computer crime described as a "large-scale scheme involving the hacking of computer networks to acquire and sell credit card account and other financial and personal information." This crime was initiated while Butler was on supervised release for another internet crime that involved the unauthorized intrusion into a Department of Defense computer network.  In addition, Butler's prison disciplinary record indicates he recently[4] attempted to skirt the BOP's email monitoring protocols.[5]

---

[3] Doc. 1.
[4] Inmate Disciplinary Data dated 7/15/2020.
[5] Government's sealed exhibit 2.

The Government advises that fluticasone proprionate nasal spray is the generic equivalent of Flonase, an over-the-counter medication.  In connection with COVID-19, the CDC has made no finding that the use of corticosteroids likely heightens one's risk for serious COVID-19 complications; the CDC has stated that individuals who actually have "an immunocompromised state [arising] from. . . use of corticosteroids" "might" have an elevated risk of COVID-19 complications.[6]

The Court finds that Butler's use of fluticasone propionate nasal spray is not an "extraordinary or compelling' reason to justify compassionate release under § 3582(1)(A) and the binding policy statement. The Court further finds that considering the factors set forth in 18 U.S.C. § 3553(a) and § 3142(g) and the need to protect the public from further crimes, Butler's criminal history weighs against compassionate release. Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this 30th day of  September, 2020.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6]  See CDC Website, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#cancer.